# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JOHN BRAXTON DIXON., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No.: 2:21-cv-01110-JHE |
| MORRIS-SHEA BRIDGE COMPANY, INC., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION[1]

Plaintiff John Braxton Dixon ("Dixon" or "Plaintiff") and Defendant Morris-Shea Bridge Company, Inc. ("MSB" or "Defendant") jointly move for approval of their settlement of this action, in which Dixon alleges violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). (Doc. 9). For the reasons set forth below, the motion (doc. 9) is **GRANTED**, and the court **APPROVES** the parties' settlement.

### I. Background Facts

Dixon asserts a single count pursuant to the FLSA for unpaid wages and overtime violations. (Doc. 1). After being served with the summons and complaint, MSB requested and received additional time to answer, as the parties were engaged in settlement discussions. (Docs. 4 & 5). MSB has not yet answered the complaint. According to the joint motion for settlement approval, the parties reached their settlement at mediation on November 2, 2021. (Doc. 9 at 1-2). The motion for settlement approval followed two days later.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (*See* doc. 6).

To resolve their dispute, the parties have agreed to a settlement of $60,000.00 to resolve Dixon's claims for alleged unpaid overtime and liquidated damages. (Doc. 9 at 6; doc. 9-1). This represents 79% of Dixon's maximum recovery for his claimed unpaid overtime of $37,967.16, for which he would be entitled to an equal award of liquidated damages. (Doc. 9 at 6). Further, Dixon's counsel will receive $5,000.00 in attorney fees. (*Id.* at 7). At the undersigned's request (*see* doc. 10), Dixon's counsel has provided billing records to substantiate the basis for this award. (Doc. 11).

Counsel for the parties report that they mediated the case before the Honorable Thomas Woodall, a former Associate Justice of the Alabama Supreme Court and a former judge of the Circuit Court of Jefferson County, Alabama. (*Id.* at 4). Although MSB has not yet answered the complaint, counsel state that MSB contests liability and damages in this case, and counsel for both parties have had multiple discussions and exchanges of information with which to establish a basis for negotiations. (*Id.* at 5). They further represent they are experienced attorneys who believe the settlement is fair and reasonable for both parties. (*Id.* at 6).

## II. Analysis

### A. There Is a Bona Fide Dispute, Thus Dixon's Recovery is Fair and Reasonable

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in

return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

Having reviewed the joint motion for approval of settlement (doc. 9) and the terms of the settlement agreement (doc. 9-1), the undersigned finds the parties' dispute as to the merits of the case is legitimate and the settlement is fair and reasonable.

## B.  Reasonableness of Attorney's Fees

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D.

Fla. Aug. 4, 2009)). The parties did not state in their motion that the attorney's fees were agreed upon separately from Dixon's portion of the settlement. (Doc. 9). When asked for information about the attorney fee amount, Dixon's counsel indicated "[t]he offers exchanged during mediation were made such that the wages and fees were separate but communicated in the same caucus by the mediator." (Doc. 11 at 1).

Regardless of whether this suffices for separately-negotiated fees, the undersigned finds the records supplied by Dixon's counsel support $5,000.00 is a reasonable fee. To award a fee under the FLSA, the court must first determine the "lodestar," which is the product of the plaintiffs' attorneys' reasonable hours multiplied by a reasonable hourly rate. *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 1277, 1292 (N.D. Ala. 2014).

> In the Eleventh Circuit, *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292 (11th Cir.1988), and *Hensley v. Eckerhart*, 461 U.S. 424 . . . (1983), provide the framework for awarding attorneys fees to prevailing plaintiffs. To begin its analysis, the Court must first determine the "lodestar," which is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate. *See e.g. Hensley*, 461 U.S. at 433[]; *Norman*, 836 F.2d at 1299. While the "lodestar" method effectively replaced the balancing test previously prescribed by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19, the twelve (12) *Johnson* factors "might still be considered in terms of their influence on the lodestar amount." *Norman*, 836 F.2d at 1299.
>
> * * *
>
> The determination of reasonableness lies in the sound discretion of the trial court, *Norman*, 836 F.2d at 1301. In determining whether the number of hours expended on the litigation was reasonable, the district court should exclude from its initial fee calculation "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434 . . . . Also, in making this calculation, the court should exclude "time spent on discrete and unsuccessful claims." *Norman*, 836 F.2d at 1302. . . . "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" [*ACLU of Ga. v. Barnes*, 168 F.3d 423 (11th Cir.1999) ].
>
> When determining a reasonable hourly rate, the rate should be "the prevailing market rate in the relevant legal community for similar services by lawyers of

> reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* On the issue of a reasonable rate, the Court is itself considered an expert and can make an informed judgment as to a proper award of fees even without the benefit of outside testimony. *Id.* at 1303; *see also Loranger* [*v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994)].

*James v. Wash Depot Holdings, Inc.*, 489 F. Supp.2d 1341, 1346–47 (S.D. Fla.2007). Once the lodestar is calculated, there may be other factors that suggest enhancing or reducing the lodestar fee. *Briggins*, 3 F. Supp. at 1292. The result obtained for the plaintiff is an important factor. *Id.*

> The most important factor to consider is the result obtained. [*Hensley* at 436–37]. If the success was limited or the plaintiff's victory was limited, the lodestar must be reduced to reflect the limited result. *Norman*, 836 F.2d at 1302; *See also Popham v. City of Kennesaw*, 820 F.2d 1570, 1579–80 (11th Cir.1987). Fee awards, however, should not simply be proportionate to the results obtained by the Plaintiff. *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir.1997) (citing *Riverside v. Rivera*, 477 U.S. 561 . . . (1986)). As this Court has noted before, "'[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.' " Tyler v. Westway Auto. Serv. Ctr., Inc., 133 Fed. Appx. 604, 2005 WL 1208573, *9 (S.D. Fla.2005) (quoting *Holyfield v. F.P. Quinn & Co.*, 1991 WL 65928, *1 (N.D. Ill. April 21, 1991) (court awarded approximately $7,000 in fees even though the judgment was only $921)); *see also Davis v. Locke*, 936 F.2d 1208, 1215 (11th Cir.1991) (quoting *Rivera*, 477 U.S. at 574 . . .) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'").

*Wash Depot Holdings, Inc.*, 489 F. Supp.2d at 1347.

Counsel for Dixon has filed detailed billing records, with entries totaling 45.6 hours. (Doc. 11-1). While the parties acknowledge that this time includes work spent on two other employment discrimination claims pending before the United States Equal Employment Opportunity Commission (doc. 11 at 2; doc. 12), the $5,000.00 amount in the settlement covers only the FLSA claims in this action and is approximately one-third of the total time reflected in the billing records. Having reviewed those records, and based on the parameters outlined above, the undersigned finds the agreed-upon attorney's fee amount of $5,000.00 is reasonable and is approved.

5

### III. Conclusion

The undersigned finds Dixon's FLSA claim represents a bona fide dispute over FLSA provisions, and the parties' settlement is a fair and reasonable resolution of this bona fide dispute. Additionally, the undersigned separately finds the attorney's fees portion of the settlement to be reasonable. Therefore, the joint motion for approval of the settlement (doc. 9) is **GRANTED**, and the settlement is **APPROVED**. A separate order will be entered.

DONE this 17th day of November, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE